UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
BRAYANT R.M.,

                      Plaintiff,        DECISION AND ORDER
                                                   7:23-cv-02801-GRJ

    v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In March of 2020, Plaintiff Brayant R.M.[1] applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Ny Disability, LLC, Daniel Berger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11).

      This case was referred to the undersigned on March 7, 2024. Presently pending is Plaintiff's Motion for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 16). For

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

the following reasons, Plaintiff's motion is due to be granted and this case is remanded for further administrative proceedings.

## I. BACKGROUND

*A.    Administrative Proceedings*

Plaintiff applied for benefits on March 13, 2020, alleging disability beginning January 1, 2020. (T at 15, 63).[2] Plaintiff's application was denied initially and on reconsideration. He requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on November 2, 2021, before ALJ Raymond Prybylski. (T at 28-62). Plaintiff appeared with an attorney and testified. (T at 34-54). The ALJ also received testimony from April Rosenblatt, a vocational expert. (T at 55-61).

*B.    ALJ's Decision*

On November 12, 2021, the ALJ issued a decision denying the application for benefits. (T at 12-27). The ALJ found that Plaintiff had not engaged in substantial gainful activity since March 13, 2020 (the date he applied for benefits). (T at 17).

The ALJ concluded that Plaintiff's obesity, depressive disorder, and anxiety disorder were severe impairments as defined under the Social Security Act. (T at 17). However, the ALJ found that Plaintiff did not have

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 13.

an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 18).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: he can perform work involving simple tasks, with few (if any) workplace changes, and requiring no more than occasional interaction with the public, co-workers, and supervisors. (T at 19).

The ALJ found that Plaintiff had no past relevant work. (T at 21). Considering Plaintiff's age (32 on the application date), education (at least high school), work experience (no past relevant work), and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 21-22).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between March 13, 2020 (the application date) and November 12, 2021 (the date of the ALJ's decision). (T at 23).  On February 24, 2023, the Appeals Council denied Plaintiff's request for

review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### C.     Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on April 4, 2023. (Docket No. 1).  On September 18, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 16, 17).  The Commissioner interposed a brief in opposition to the motion and in support of the denial of benefits, on November 17, 2023. (Docket No. 18).  On December 8, 2023, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 19).

## II.  APPLICABLE LAW

### A.     Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises several arguments in support of his request for reversal of the ALJ's decision.  As a threshold matter, he contends that the ALJ failed to adequately develop the record regarding the impact of his anxiety and depression.

### A.   *Duty to Develop the Record*

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted). This obligation applies even if the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168

F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)). The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326 F.Supp.2d 345, 353 (E.D.N.Y.2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

In the present case, as discussed above, the ALJ found that Plaintiff's depressive disorder and anxiety disorder were severe impairments. (T at 17). The ALJ concluded that Plaintiff was limited to a reduced range of work, involving no more than simple tasks, few (if any) workplace changes, and only occasional interaction with the public, coworkers, and supervisors. (T at 19).

Notably, the ALJ's determination is not supported by any medical opinion evidence.

New York Psychotherapy and Counseling Center, where Plaintiff received his mental health treatment, was asked to complete a questionnaire regarding his work-related restrictions. They declined, explaining that they do not complete questionnaires regarding their patients' mental health status. (T at 361).

Two non-examining State Agency review physicians (Dr. Haus and Dr. Juriga) opined that Plaintiff's psychiatric impairments were non-severe

(T at 66-68, 73-74). The ALJ found the State Agency review physicians' assessments unpersuasive and recognized that Plaintiff's mental impairments were significantly more limiting. (T at 21).

Rather than obtaining a medical opinion regarding the nature and extent of those limitations via a consultative examination, the ALJ instead relied on his own interpretation of Plaintiff's treatment notes and activities of daily living to formulate the RFC.

The Court concludes that by failing to obtain a consultative examination regarding Plaintiff's mental impairments the ALJ did not fulfill his duty to develop the record. "A consultative examination is used to 'try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the ALJ] to make a determination or decision' on the claim." *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 32 (2d Cir. 2013)(quoting 20 C.F.R. §§ 404.1519a(b), 416.919a(b)).

The Commissioner defends the ALJ's decision by arguing that his assessment of Plaintiff's mental limitations can be sustained by the record (*i.e.,* the treatment notes and Plaintiff's activities of daily living), even in the absence of a supporting medical opinion.

Although there is authority for the view that an ALJ's assessment of a claimant's RFC may be sustained even without a supporting medical

9

opinion, *See, e.g., Glena v. Colvin*, No. 1:15-CV-00510(MAT), 2018 WL 739096, at *5 (W.D.N.Y. Feb. 6, 2018); *Tankisi*, 521 F. App'x at 34 (holding that "remand is not always required when an ALJ fails in his duty to request opinions") this result is limited to "those situations where the medical evidence, combined with Plaintiff's own statements, indicates relatively mild … impairment, allowing the ALJ to make an RFC assessment without an expert medical opinion." *Glena*, 2018 WL 739096, at *5.

"Such a situation exists when 'the medical records ... show[ ] relatively minor impairments' that are not 'disabling,' rather than non-benign, 'complex medical findings' that cannot be interpreted by a lay person, or resolved with non-conservative treatment." *Villalobo v. Saul*, No. 19-CIV-11560-CS-JCM, 2021 WL 830034, at *22 (S.D.N.Y. Feb. 9, 2021)(internal citations omitted).

In other words, "when the medical evidence shows only minor impairments, 'an ALJ permissibly can render a common-sense judgment about functional capacity even without a physician's assessment.'" *Dagonese v. Comm'r of Soc. Sec.*, No. 18-CV-1021-MJR, 2020 WL 3046146, at *3 (W.D.N.Y. June 8, 2020)(citations omitted); *see also Mack v. Comm'r of Soc. Sec.*, No. 1:18-CV-00265-MAT, 2019 WL 1994279, at *4 (W.D.N.Y. May 6, 2019) (explaining that where "the treatment notes and

recommendations provided by Plaintiff's treatment providers regarding his physical impairments do not reflect disabling functional limitations ... it was not impermissible for the ALJ to render a common-sense judgment regarding Plaintiff's physical functional limitations").

In the present case, as the ALJ noted, Plaintiff appeared to make progress during psychiatric treatment, including developing insight into his impairments and strategies for coping with symptoms. (T at 21).

Nevertheless, Plaintiff consistently reported severe symptoms of depression, social isolation and anxiety, paranoia, and emotional management problems. (T at 281-82, 286-87, 334-35, 339, 321-25, 341-43, 349-50, 353-55, 357-38, 533-34, 539-41, 542-43, 549-50, 560-64, 570-71, 583-84, 585-87, 591-92, 598-99, 600-601, 619-20, 631-32, 640-41, 649-50, 661-62, 664-66, 702-703).  In a function report, Plaintiff reported that he has difficulty focusing and being around others; experiences paranoia, nightmares, auditory hallucinations, and insomnia; shops only once a month; needs reminders to attend to personal care; manages his finances; and spends most of his time at home. (T at 208-14).

In addition, Plaintiff missed 40 mental health appointments between March 2020 and October 2021. (T at 336, 337, 338, 340, 346, 347, 348, 351, 352, 501, 535, 536, 565, 582, 594, 587, 604, 605, 610, 614, 618, 622,

629, 630, 636, 639, 645, 646, 651, 653, 659, 660, 663, 669, 696, 697, 704, 732, 735).

The ALJ recognized that the treatment record evidenced severe mental impairment and significant work-related restrictions, including limitations related to concentration, stress, and social interaction. (T at 19).

The ALJ nevertheless concluded, without the benefit of a supporting medical opinion, that Plaintiff could tolerate a reduced range of work and sustain a schedule sufficient to maintain competitive, remunerative employment.  (T at 22).

This was error.  This is manifestly not the sort of situation where the ALJ could permissibly render a "common sense" assessment of "relatively minor" impairments without the benefit of a supporting expert medical opinion. Rather, "[t]he ALJ's findings amounted to an improper substitution of his 'own expertise or view of the medical proof [in place of] any competent medical opinion….'" *Joseph N. v. Kijakazi*, No. 20-CV-1690L, 2022 WL 268821, at *3 (W.D.N.Y. Jan. 28, 2022)(quoting *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015)).

An ALJ may not substitute "common-sense" for medical opinion evidence in a case that presents "complex medical findings." *Shaw v. Kijakazi*, No. 20-CV-5123 (JLC), 2021 WL 3524101, at *12 (S.D.N.Y. Aug.

11, 2021)(citations omitted); *see also Thomas v. Saul*, No. 19-CV-6990 (MKV) (RWL), 2020 WL 5754672, at *9 (S.D.N.Y. July 24, 2020)(duty to develop the record remains "even where the ALJ has access to treatment notes, test results, and other medical history"); *Vellone on behalf of Vellone v. Saul*, No. 20-CV-261 (RA), 2021 WL 2801138, at *2 (S.D.N.Y. July 6, 2021).

Moreover, courts in this District have consistently recognized that "an ALJ has a heightened duty to develop the record when a claimant asserts a mental impairment." *Gabrielsen v. Colvin,* No. 12-CV-5694 KMK PED, 2015 WL 4597548, at *4-5 (S.D.N.Y. July 30, 2015)(collecting cases).

"This 'heightened duty' derives from the fact that a claimant's mental illness may greatly impede an evaluator's assessment of a claimant's ability to function in the workplace, thus necessitating a more thorough review." *Piscope v. Colvin*, 201 F. Supp. 3d 456, 462-63 (S.D.N.Y. 2016); *see also Rizzo v. Berryhill*, No. 16 Civ. 4898 (CS) (PED), 2017 WL 3578701, at *16 (S.D.N.Y. Aug. 17, 2017)("The duty to develop the record is particularly important where an applicant alleges he is suffering from a mental illness, due to the difficulty in determining whether these individuals will be able to adapt to the demands or 'stress' of the workplace.").

A remand is, therefore, required.

### B. Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)). Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999).

For the reasons discussed above, the Court finds a remand required for reconsideration of Plaintiff's RFC following further development of the record.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED, and this case is remanded for further proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of Plaintiff and then close the file.

Dated: April 22, 2024            *s/ Gary R. Jones*
                                 GARY R. JONES
                                 United States Magistrate Judge